**JUDGE CROTTY**

'08 CIV 7995·

GIBNEY ANTHONY & FLAHERTY LLP
Brian W. Brokate (BB 5830)
Jeffrey E. Dupler (JD 5430)
Walter-Michael Lee (WL 6353)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688 5151
Facsimile: (212) 688-8315

HARVEY SISKIND LLP
D. Peter Harvey
Seth I. Appel
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124

Attorneys for Plaintiff
DWELL, LLC



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DWELL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MOINIAN DEVELOPMENT GROUP LLC d/b/a THE MOINIAN GROUP, a New York limited liability company, and DOES 1-25,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION** |

Plaintiff Dwell, LLC ("Dwell"), for its Complaint against Defendants Moinian Development Group LLC d/b/a The Moinian Group and Does 1-25 (collectively, "Defendants"), alleges as follows:

This action arises from Defendants' use in commerce of a trademark, DWELL, which is identical to Dwell's federally-registered trademark. The parties' goods and services are closely

related. Under these circumstances, consumer confusion is inevitable, thereby mandating the relief Dwell requests in this action.

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 USC §1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of diverse states. This Court also has subject matter jurisdiction under 28 USC §§1331 and 1338 because this action arises under the Lanham Act, 15 USC §1051, *et seq.*, and supplemental jurisdiction over Dwell's state law claim under 28 USC §1367.

## VENUE

2. Venue is proper under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## THE PARTIES

3. Dwell is a Delaware limited liability company with its principal place of business in San Francisco, California. Dwell is a well-known leader in the field of home design.

4. Upon information and belief, Defendant Moinian Development Group LLC d/b/a The Moinian Group is a New York limited liability company with its principal place of business in New York, New York.

5. Dwell is presently ignorant of the true names and capacities of Defendants sued herein as Does 1-25 and therefore sues these Defendants by such fictitious names. Dwell will amend its Complaint to allege these Defendants' true names and capacities when ascertained.

6. At all times herein mentioned, each Defendant was the agent, employee, partner, joint venturer, aider and abettor, alter ego, and co-conspirator of or with each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, joint venture, and conspiracy, and each Defendant directed, ratified and approved the acts of the remaining Defendants.

## FACTS

7. Dwell offers various products and services related to home design and architecture under its DWELL and DWELL-formative trademarks. These offerings include print and online magazines, competitions, exhibitions, conferences, seminars, and television programs. Dwell's influential and highly regarded print magazine, which is distributed nationwide, currently has a circulation of approximately 325,000 copies per issue.

8. In addition to offering the products and services noted above, Dwell licenses its DWELL and DWELL-formative marks for use in connection with the design, construction, and development of modern homes. Dwell's licensees value its DWELL and DWELL-formative marks because they represent, and immediately indicate to consumers, among other things, quality in design.

9. Dwell promotes its products and services on the website www.dwell.com.

10. On October 8, 1999, Lara Hedberg Deam, Dwell's founder and publisher, filed an intent-to-use application (App. No. 75800343) with the United States Patent and Trademark Office (USPTO) to register the DWELL trademark for "magazines in the field of modern home design" and "providing on-line magazine in the field of modern home design." Ms. Hedberg Deam has since assigned her rights pertaining to this application to Dwell.

11. On May 15, 2001, Dwell's App. No. 75800343 matured into a registration (Reg. No. 2452089). Accordingly, Dwell owns exclusive rights dating back to October 8, 1999, to the DWELL trademark in connection with "magazines in the field of modern home design" and "providing an on-line magazine in the field of modern home design."

12. Dwell owns several other United States trademark registrations and applications for DWELL and DWELL-formative marks, including the following:

- DWELL (Reg. No. 3016045) for "entertainment services in the nature of on-going television programs in the field of home, design, architecture and construction"

- DWELL ON DESIGN (Reg. No. 3255952) for "financial sponsorship of exhibitions, seminars, and conferences in the field of modern design" and "arranging of exhibitions, seminars, and conferences in the field of modern design and architecture"

- DWELL HOME (Reg. No. 3372990) for "organization of competitions in the field of modern home design" and "financial sponsorship of competitions in the field of modern home design"

- DWELL (Reg. No. 3486397) for "financial sponsorship of exhibitions, seminars, and conferences in the field of modern design" and "arranging of exhibitions, seminars, and conferences in the field of modern design"

13. On information and belief, long after Dwell established its rights to the DWELL trademark, Defendants began using DWELL in connection with the design, development, and rental of properties. Defendants have depicted this trademark using a font and style that are nearly indistinguishable from the font and style used by Dwell.

14. Upon information and belief, Defendants adopted the DWELL trademark with actual knowledge of Dwell and its trademark rights, and with an intent to deceive consumers into believing that Dwell endorses or is otherwise affiliated with Defendants or their properties.

15. Defendants promote their offerings under the DWELL trademark on the website www.dwellonwall.com. On this website and in other promotional materials, Defendants emphasize the design of their offerings under the DWELL trademark in what appears to be a deliberate attempt to trade off of Dwell's good will.

16. In the short period of concurrent use of the DWELL trademark, consumers have already experienced actual confusion.

17. Dwell has attempted to resolve this matter amicably. On March 25, 2008, Dwell sent a letter to Defendants objecting to their use of the DWELL trademark. The parties have since engaged in settlement negotiations, including both written communications and a face-to-face meeting. Defendants have refused to cease their violation of Dwell's trademark rights.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### (15 USC § 1114)

18. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 17.

19. Dwell has exclusive rights dating back to October 8, 1999 to the DWELL trademark in connection with "magazines in the field of modern home design" and "providing on-line magazine in the field of modern home design." These rights are reflected by Dwell's Reg. No. 2452089. This is one of Dwell's many United States trademark registrations for DWELL and DWELL-formative trademarks in connection with home design, architecture, and related goods and services. Dwell has also established extensive common law rights to DWELL and DWELL-formative trademarks, which cover among other things the design, construction, and development of modern homes.

20. Defendants' use of the DWELL trademark began after October 8, 1999, and after Dwell began establishing its common law rights. This use has caused, and is likely to continue to cause, consumer confusion. The parties' trademarks are identical and their goods and services are closely related. Moreover, there have already been instances of _actual_ confusion.

21. Dwell has not consented to Defendants' use of the DWELL trademark.

22. Defendants had actual or constructive knowledge of Dwell's trademark rights prior to using, or continuing to use, the DWELL trademark.

23. Defendants' use of the DWELL trademark constitutes trademark infringement in violation of 15 USC § 1114.

24. The willful and intentional nature of Defendants' trademark infringement makes this an exceptional case pursuant to 15 USC § 1117(a).

25. As a result of Defendants' trademark infringement, Dwell has suffered damages in an amount to be determined at trial.

26. As a result of Defendants' trademark infringement, Dwell has also suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## SECOND CAUSE OF ACTION
### False Designation of Origin
### (15 USC § 1125(a))

27. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 26.

28. Defendants' unauthorized use of the DWELL trademark in connection with the offering of its goods and services falsely suggests that these offerings are connected with, sponsored by, affiliated with, or related to Dwell.

29. Defendants' unauthorized use of the DWELL trademark constitutes a false designation of origin in violation of 15 USC § 1125(a).

30. The willful and intentional nature of Defendants' false designation of origin makes this an exceptional case pursuant to 15 USC § 1117(a).

31. As a result of this false designation of origin, Dwell has suffered damages in an amount to be determined at trial.

32. As a result of this false designation of origin, Dwell has also suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

## THIRD CAUSE OF ACTION
### Unfair Competition
### (Common Law Unfair Competition)

33. Dwell realleges and incorporates by reference the allegations of Paragraphs 1 through 32.

34. Defendants' bad faith misappropriation of Dwell's trademark rights as described above constitutes unfair competition under the common law of the State of New York.

35. As a result of this unfair competition, Dwell has suffered damages in an amount to be determined at trial.

36. As a result of this unfair competition, Dwell has suffered irreparable injury to its business, reputation, and goodwill. Dwell will continue to suffer irreparable injury unless Defendants' misconduct is enjoined by the Court.

37. Defendants' morally culpable conduct, namely its willful violation of Dwell's trademark rights, justifies an award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, Dwell prays for relief as follows:

1. A judgment enjoining Defendants, and all of their officers, directors, employees, agents, and representatives, from (1) using the DWELL trademark, or any trademark that wholly incorporates or is confusingly similar to that trademark, including but not limited to DWELL95, and the www.dwellonwall.com domain name; and (2) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Defendants and Dwell;

2. A judgment ordering Defendants, pursuant to 15 USC § 1116(a), to file with this Court and serve upon Dwell within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue offering goods and services under DWELL and DWELL-formative trademarks;

3. A judgment ordering Defendants, pursuant to 15 USC § 1118, to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession bearing the DWELL trademark.

4. A judgment that Defendants account for and disgorge to Dwell all of the profits realized by Defendants, or others acting in concert or participating with Defendants, resulting from Defendants' acts of trademark infringement and false designation of origin relating to Defendants'

use of the DWELL trademark;

5. A judgment awarding compensatory damages, plus interest, in an amount to be determined;

6. A judgment that Dwell be awarded three times Defendants' profits from its use of the DWELL trademark, or three times Dwell's damages, whichever is greater, together with its reasonable attorney's fees pursuant to 15 USC § 1117(a) and (b);

7. A judgment awarding punitive damages in an amount to be determined;

8. A judgment that Dwell recover the costs of this action plus interest;

9. A judgment ordering Defendant to transfer the domain name www.dwellonwall.com to Dwell, or in Dwell's sole discretion, canceling Defendants' registration of said domain name; and

10. A judgment that Dwell be granted such other and further relief as the Court deems just and proper.

Dated: September 15, 2008

GIBNEY ANTHONY & FLAHERTY, LLP

By:_____
Brian W. Brokate (BB 5830)
Jeffrey E. Dupler (JD 5430)
Walter-Michael Lee (WL 6353)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688 5151
Facsimile: (212) 688-8315

HARVEY SISKIND LLP
D. Peter Harvey
Seth I. Appel
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 354-0100
Facsimile: (415) 391-7124
Attorneys for Plaintiff
DWELL, LLC